**FILED**
at Santa Fe, NM

MAR 2 4 2011

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW MEXICO

TRIAL BY JURY DEMANDED

**DAVID SILVER**
   **Plaintiff**

v.

Case No. CIV 11-0256 BB KBM LFG

Judge _____

**DENNIS R. GLASS, WILLIAM J. AVERY,
DENNIS L. SCHOFF, PATRICK S. PITTARD,
ISAIAH TIDWELL, DAVID A. STONECIPHER,
WILLIAM PORTER PAYNE, ERIC G. JOHNSON,
LEANNE M. LACHMAN, WILLIAM H. CUNNINGHAM,
GEORGE W. HENDERSON III, MICHAEL F. MEE,
MARCIA J. AVEDON, PATRICK J. BARRETT AND
JAMES S. TURLEY**
   **Defendants**

## COMPLAINT

Comes now the Plaintiff, David Silver ("Silver") *pro se* who hereby complains against the afore-named Defendants for Conspiracy to Defraud, for Forging a public document with the intent to defraud Plaintiff and for Disparagement of Plaintiff by using the forged document to damage Plaintiff's name and reputation. The Defendant James S. Turley is now, and was at all relevant times, the Chief Executive Officer of Ernst & Young, the auditors of Lincoln National Corp. Two of the other Defendants – Dennis R. Glass and Dennis L. Schoff – were at all relevant times respectively Chief Executive Officer and General Counsel of Lincoln National Corp. when the Fraud, Forgery and Disparagement occurred. The remaining Defendants – Mr. Pittard, Mr. Tidwell, Mr. Stonecipher, Mr. Payne, Mr. Johnson, Ms. Lachman, Mr. Cunningham, Mr. Henderson, Mr. Mee, Ms. Avedon, Mr. Glass and Mr. Barrett were at all relevant times and still

Page | 1

are, along with Mr. Glass, members of the Board of Directors of Lincoln National Corp. when the Fraud, Forgery and Disparagement occurred.

This complaint is brought under U.S.C. Title 28, sec. 48.

The amount in dispute is greater than $100,000, and all of the Defendants are citizens of states other than New Mexico.

**FACTS**

Lincoln National Corp. ("Lincoln") and Silver have been engaged in litigation since September, 1986 when Lincoln invested $500,000 twelve months prior thereto into Santa Fe Private Equity Fund II, along with fifteen other financial institutions and pension funds, a venture capital fund operated by Silver. Ernst & Young, auditor for Silver's management company and Santa Fe Private Equity Fund I and II, was simultaneously sued by Lincoln, but it settled by paying Lincoln $2,500,000 in late 1989, while auditing Lincoln's year end financial statements. Lincoln had its money back, plus a premium, but continued to pursue Silver.

The trial was held in the U.S. District Court for the Northern District of Illinois before the Honorable John A. Nordberg in August, 1991. Silver represented himself *pro se.* Lincoln had previously purchased the limited partnership interests – which totaled roughly $6,400,000 -- of the other investors for $400,000. By adding a RICO charge to Lincoln's complaint, and following a week-long trial with an extension to video-tape the testimony of a New Jersey witness, Judge Nordberg awarded Lincoln a victory in 1995 of more than $24,000,000, which included Lincoln legal fees of nearly $5,000,000.

The Illinois judgment was brought into New Mexico by Lincoln's then attorneys, Kemp, Smith, Duncan and Hammond, PC and domesticated as Misc. Cause 97-3 on October 24, 1997.

Seven years later, a Motion to Revive the New Mexico judgment was filed by Lincoln's new attorneys, Rodey Dickason Sloan Akin & Robb, PC. The Honorable Bruce D. Black was assigned the case and he granted the Motion to Revive; but his Order granting it was not found by the Clerk of the U. S. District Court of New Mexico until June, 2010 according to Judge Black signed Order of July 2, 2010.

According to two emails in August, 2008, one voice mail from a deputy clerk that was tape recorded on June 26, 2008, and a hand-written letter to Silver dated September, 2010, all four of which physical documents are from the Clerk of the U.S. District Court of New Mexico, the Clerk's office says without equivocation that it has never had in its possession a record of the judgment signed and dated by it in Misc. Cause 97 – 3 or its newer case no.MC 0015 BB. In fact, until June, 2010, it never had in its possession the Order reviving the judgment signed by Judge Black in October, 2004, or for that matter any documents of any kind bearing either case number until June, 2010.

However, a fraudulent judgment was created bearing the date November 14, 2007, and this fraudulent and forged document was used to seize assets of Silver, to block assets of Silver and to disparage his reputation in the community in which he earns a living by sending Writs of Garnishment to twenty-six financial institutions. Lincoln's Chief Executive Officer, Mr. Glass and its then General Counsel, Mr. Schoff, are believed to have authorized the creation of the forged judgment document and they had the consent and approval of Lincoln's Board of Directors, all of whom are named herein as Defendants. The Defendants are the only people to have had the motive to forge a judgment document, and it is believed that these individuals, named as Defendants, directed someone to do so. The forged judgment's flaws are both glaring and numerous and they include the following:

1. A judgment is effective only when it is entered by the Clerk of the Court; see Fed. R. Civ. Pro. Rule 58 with reference to Rule 54(b): Entry of Judgment. The November 14, 2007 judgment was not entered by the Clerk of the Court.

2. The November 14, 2007 judgment cannot be considered a "correct copy" as required by Fed. R. Civ. Pro. 79(b), because of an error on its face as to the date of the Illinois judgment; i.e., April 10, 2007.

3. The November 14, 2007 judgment lacks a consecutive file number – it has no file number, consecutive or otherwise – as required by Fed. R. Civ. Pro. 79(a).

4. It does not appear in the civil docket, in violation of Fed. R. Civ. Pro. 79(a)

5. It was not mailed or delivered to Plaintiff, which is a violation of Fed. R. Civ. Pro. 77(d).

6. There is an incorrect date in the November 14, 2007 judgment stating that the Illinois judgment was domesticated on April 10, 2007, which is a violation of Fed. R. Civ. Pro. 79(b), making it not a "correct copy", hence invalid on its face.

7. It is dated three years and 24 days after the date of the order, which is a violation of Fed. R. Civ. Pro. 58, which states that "Upon a decision by the court…the clerk shall forthwith prepare, sign and enter the judgment."

8. Fed. R. Civ. Pro. 79(a) states that "…judgments shall be entered chronologically in the civil docket on the folio assigned to the action and shall be marked with the file number", and this was not done on the November 14, 2007 judgment. It has no file number.

9. Fed. R. Civ. Pro. 79(b) states that "The clerk shall keep in such manner and form as the Director of the Administrative Office of the United States Courts with the approval of the Judicial Conference of the United States, and shall enter therein each civil action to

which these rules are made applicable. Actions shall be assigned consecutive file numbers. This was not done in the matter of the November 14, 2007 judgment.

May the Court take notice that Plaintiff lost his right to appeal in 2004 because of the missing Order reviving the judgment and the judgment itself, which could possibly have led to a dismissal of the case for lack of a proper judgment in October, 2004.

Plaintiff is a prolific author, with thirty-three books in print, and a large following in the entrepreneur community, and thus his immediate response to the Writs of Garnishment and Execution and the appearance of Sheriffs at his front door and inside his office, was to write extensively to the people at Lincoln and Ernst & Young charged with governance between the period May through August, 2008. These people include its Chief Executive Officer, Dennis R. Glass, its General Counsel at the time, Dennis L. Schoff and its Board of Directors at the time, Messrs. Payne, Cunningham, Pittard, Stonecipher, Tidwell, Mee, Johnson, Avery, Henderson and Barrett and Ms. Avedon and Ms. Lachman, all of whom are experienced business people, and many of whom sit on multiple boards of directors and trustees. In addition, James S. Turley, the Chief Executive Officer of Ernst & Young was contacted by letter, because an auditor has a duty to the public as well as to its client. Copies of the letters have been preserved, and evidence of their having been faxed, FedExed, UPSed or emailed, that evidence has been preserved as well.

Other evidence will be obtained forthwith by Plaintiff by deposition under oath, most importantly, the statements of the Clerks of the U.S. District Court stating the absence of the Order until it was located in June, 2010 and the complete absence from their records of a judgment in the case.

Plaintiff was very clear in his letters of mid-2008 to Defendants. Plaintiff told the above-named responsible Defendanats that if they continued pursuing Plaintiff with a fraudulent judgment, they would be the subject matter of litigation and a new book of mine exposing their twenty-three year pursuit of Plaintiff culminating in the use of a highly suspect and probably Lincoln-created, that is, forged, judgment document. The Defendants were were sent copies of the forged judgment document, the letters from the Clerk of the Court and the tape recording from the Clerk of the Court saying there is nothing in the file whatsoever re. Lincoln v. Silver . Defendants demurred. Defendants at this point were put on notice of a seriously flawed, forged and fraudulent judgment used to seize and block Plaintiff's assets, and warned that if they did nothing to dismiss the case, return the assets they had permitted the illegal seizure of and unblock the assets they had permitted the illegal blocking of, by not speaking out, by not acting as auditors and board members with an obligation to the public in the former and to stockholders in the latter instance, they could be deemed just as culpable as the person or persons who forged the judgment. Once again, they demurred.

***LEGAL ARGUMENT:***

Plaintiff cites New Mexico Rules Annotated, 14-1643, Forgery; Essential Elements: "For you to find the defendant guilty of forgery, the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime: (1) The defendant made a false (writing) _____ so that its effect was different from the original; (2) At the time, the defendant intended to injure, deceive or cheat _____ (name of victim) or another; and (3) This happened in New Mexico on or about the _____ day of _____, ____. In subject case, all three conditions are met.

The Committee Commentary is worth reading: "This instruction does not require the jury to find that the writing purports to have any legal efficacy. Whether or not the state had proved the legal efficacy of the writing is a question of law. See, e.g., Poe v. People, 163 Colo. 20, 428 P.2d 77 (1967); Davis v. Commonwealth, 399 S.W.2d 711 (Ky. 1965), cert. denied, 385 U.S. 831,87 S. Ct. 67, 17 L. Ed. 2d 66 (1966). The phrase 'legal efficacy' refers to the fact that the instrument on its face could be made the foundation of some liability. State v. Cowley, 79 N.M. 49, 439 P.2d 567 (Ct. App. 1968), cert denied, 79 N.M. 98, 440 P. 2d 136 (1968). The court may refer to the Uniform Commercial Code (Chapter 55 NMSA 1978) to determine the legal efficacy of the writing. Cf. State v. Weber, 76 N.M. 636, 417 P. 2d 444 (1966) and State v. Tooke, 81 N.M. 618, 471 P.2d 188 (Ct. App. 1973); false signature – State v. Crouch, 75 N.M. 533, 407 P. 2d 671 (1965), State v. Garcia, 26 N.M. 70, 188 P. 1104 (1920), State v. Weber, supra; false endorsement – State v. Lopez, 81 N.M. 140, 464 P. 2d 559 (1970), State v. Martinez, 85 N.M. 198, 510 P. 2d 916 (Ct. App. 1973); alteration of genuine document – State v. Cowley, supra. See also California Jury Instructions Criminal No. 15.04 (1970).

"The intent to injure or defraud is not limited to economic harm. See, e.g., State v. Nation, supra, where the defendant obtained drugs by use of a forged prescription. The intent to defraud is the same as the element in the crime of fraud, the intent to deceive or cheat. People v. Leach, 168 Cal. App. 2d 463, 336 P. 2d 573 (1959). Neither proof of an intent to injure or defraud a specific person (State v. Smith, supra) nor proof that the intent was accomplished (State v. Nation and State v. Weber, supra), is a necessary element of the crime. (As amended by Supreme Court Order No. 10-8300-039, effective December 31, 2010.)

The following is cited from the Florida Statutes, sec.831.01 Forgery, to wit.: " whoever **falsely makes, alters, forges** or **counterfeits** a **public record** (Florida did the bolding)....in

Page | 7

relation to a matter wherein such certificate, return or attestation may be received as a legal proof…a bill of exchange or an order….with intent to injure or **defraud** any person, shall be guilty of a felony of the third degree, punished as proved in s. 775.082, s. 775.083, or s. 775.084." The Florida cite is taken from Jack Neil Peterson, a Florida Bar Complaint, at *http//:www.scribd/36533154/.*

As for disparagement, Plaintiff was recently disparaged by citizens of Florida and Plaintiff sued them in U.S. District Court for New Mexico. Although the Honorable Judge James A. Browning ordered that the Silver's case against the alleged disparagers had to be brought in Florida, Judge Browning's Order was over-ruled by a three judge panel of the 10th Circuit Court of Appeals. See Silver v. Brown 10-2005, as decided by Judges McKay, Brorby and Ebel. This case is dispositive that Defendants in subject case must come to New Mexico to defend the disparagement portion of this complaint.

***DAMAGES:***

Plaintiff has suffered a loss of $44,000 from seized assets, an estimated $55,000 in blocked assets and an estimated $100,000 in time taken away from business, for a total of $299,000 in identifiable money damages from the forged judgment and the 26 Writs of Garnishment and Execution sent to financial institutions in New Mexico that followed as a direct result.

With regard to disparagement, Plaintiff has suffered an immeasurable amount, but recent case law in New Mexico awards punitive damages for disparagement where it is intentional.

The amount sought by Plaintiff is therefore $900,000 from each of the fourteen Defendants.

***PRAYER:***

Plaintiff prays the Court will find for Plaintiff and grant an award of fourteen times $900,000 or $12,600,000 and such other awards that the Court deems appropriate.

Respectfully submitted,

*[signature]*

David Silver, *pro se*
4001 Office Court Drive
Suite 604
Santa Fe, NM 87507
505-474-7773

## CERTIFICATE OF SERVICE

I hereby certify that copies of this Complaint, stamped and dated by the Clerk of the Court, have been served by Summons by FedEx, UPS or Process Server on the 24 day of March, 2011, to the addresses below, and mailed and faxed as back-up copies where those addresses were known:

*[signature]*

David Silver, *pro se*
4001 Office Court Drive
Suite 604
Santa Fe, NM 87507
505-474-7773

James S. Turley
Ernst & Young
5 Times Square
New York, NY 10036 – 6530

Isaiah Tidwell
142 Fairburn Road, S.W.
Atlanta, GA 30331

Patrick S. Pittard
20 Cates Ridge Road N.W.
Atlanta, GA 30327

Dennis L. Schoff
SVP and General Counsel
Trustmark Companies

P a g e | 9

400 Field Drive
Lake Forest, IL 60045

David A. Stonecipher
c/o Lincoln National Corp.
150 N. Radnor Chester Road
Radnor, PA 19087

Michael F. Mee
c/o Lincoln National Corp.
150 N. Radnor Chester Road
Radnor, PA 19087

William Porter Payne
President
Augusta National Golf Club
2604 Washington Road
Augusta, GA 30904 – 5902

Eric G. Johnson
Baldwin Richardson Foods Co.
20201 South LaGrange Road
Suite 200
Frankfort, IL 60423

Ms. M. Leanne Lachman
Lachman Associates, LLC
870 United Nations Plaza
Suite 19-E
New York, NY 10017 – 1807

William H. Cunningham, PhD
The University of Texas at Austin
McCombs Business School
HRHRC – Ransom Center
1 University Station
Austin, TX 78712

Dennis R. Glass
Chief Executive Officer
Lincoln National Corp.
150 N. Radnor Chester Road
Radnor, PA 19087

William J. Avery
417 Gwynedd Valley Drive

Gwynedd Valley, PA 19437

Patrick J. Barrett
4605 Water Gap
Manlius, NY 13104

Marcia J. Avedon
Senior Vice President
Ingersoll Rand Corp.
155 Chestnut Ridge Road
Montvale, NJ 07645